IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 23 C 14768 |
| | ) | |
| RAY LONGSTREET | | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Ray Longstreet was convicted of narcotics offenses, and in 2007, the Court imposed a prison sentence of 456 months (38 years). The Court later reduced that twice. The first reduction—actually a resentencing—came in 2010, when the Court lowered Mr. Longstreet's sentence to 360 months (30 years). The second, in 2021, was a reduction under the First Step Act to a term of 312 months (26 years). In other words, Longstreet's current sentence is 12 years less than his original sentence.

On the second reduction—in March 2021, when the Court reduced Mr. Longstreet's sentence by 4 additional years—the Court declined his request for a time-served sentence, which likely would have been about another 5 years beyond the 4-year reduction the Court ordered at that time. In declining this request, the Court suggested during a hearing that a time-served sentence "might be" problematic due to the 20-year mandatory minimum term. But that was not the basis on which the Court declined to make Mr. Longstreet's sentence even lower than it already had. Rather, the Court made a reduction to 26 years because it found that to be the appropriate sentence based on his underlying criminal conduct—in which Mr. Longstreet, as the leader of a street gang, ran an open-air drug market—and in consideration of his age

and his conduct while incarcerated. (Indeed, at the same time, the Court denied Mr. Longstreet's separate motion for a further reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1).) Mr. Longstreet appealed from the Court's March 2021 order, but his appeal was dismissed in September 2021 for failure to prosecute.

Now Mr. Longstreet has filed a motion under 28 U.S.C. § 2255, saying that when the Court made the First Step Act reduction, it should have concluded that the mandatory minimum term was 15 years, not 20. His supporting memorandum says he is "entitled to [a] reduction of his sentence to a term of fifteen years." Def.'s Mem. (dkt. 3) at 3.

Mr. Longstreet's section 2255 motion is untimely. The latest conceivable date on which the one-year limitations period for section 2255 motions could have run was the entry of the amended judgment on November 30, 2021, 90 days after his appeal was dismissed on September 1, 2021. *See Latham v. United States*, 527 F.3d 651 (7th Cir. 2008). One year after that was November 30, 2022, but Mr. Longstreet did not file the present section 2255 motion until more than 9 months after that, on October 10, 2023 (even if one uses the date Mr. Longstreet signed the motion, that was September 18, 2023, still close to 9 months late).

Mr. Longstreet cites no basis for tolling of or any exception to the statutory period, nor is there any basis that is discernable from the record. Instead, Mr. Longstreet cites the fact that in March 2022, he filed before the Seventh Circuit an application seeking leave to file a second or successive section 2255 motion. He seems to contend that his filing before the Seventh Circuit was transmitted to the District Court and/or that the Seventh Circuit filing should "count" as a timely section 2255

2

motion. That's incorrect on both counts, and in any event it ignores the history of Mr. Longstreet's Seventh Circuit filing. Just a few days after the Seventh Circuit received Mr. Longstreet's application in March 2022, it dismissed the application as unnecessary, because he had never before filed a section 2255 motion. *See United States v. Longstreet*, No. 22-1452 (Order of Mar. 31, 2022). The Seventh Circuit docket reflects that in April 2022, Mr. Longstreet sent the Seventh Circuit a letter asking for copies of his filings. In response, the Seventh Circuit ordered that court's clerk to send Mr. Longstreet a copy of the docket and the March 31 order. *See id.* (Order of Apr. 18, 2022). At that point, Mr. Longstreet still had 6 months to go on the one-year deadline, but he still did not file anything with the District Court. (Mr. Longstreet's March 2021 application to the Seventh Circuit included his proposed district court filing, but neither he nor anyone else even sent it to the District Court, and it does not count as a timely section 2255 filing before this Court).

In sum, Mr. Longstreet's section 2255 motion before this Court is untimely and is denied on that basis.

Second and separately, any error in the Court's determination of Mr. Longstreet's request for a sentence reduction could have and should have been raised on direct appeal. A section 2255 motion is not a substitute for an appeal, *see, e.g., United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015), and it cannot be used to end-run the deadlines for appealing from an order alleged to be erroneous.

Finally, even if none of what the Court has already said is correct, Mr. Longstreet's section 2255 motion would fail on the merits. Even if the Court had concluded that a 15-year mandatory minimum sentence applied, as opposed to a 20-

3

year minimum, the Court's reduced sentence was *still above 20 years*, and thus a lower mandatory minimum would not have impacted the sentence. The Court imposed the reduced sentence that it considered appropriate in Mr. Longstreet's case—26 years—given his underlying offense and his later conduct. The Court would not have reduced the sentence further even if it had believed the correct mandatory minimum sentence was 15 years as opposed to 20 years. And all of that aside, Mr. Longstreet's contention that he is "entitled to" a reduction to the mandatory minimum sentence ignores the fact that a mandatory minimum is a floor, not a ceiling.

## Conclusion

For the reasons stated above, the Court denies Mr. Longstreet's motion under 28 U.S.C. § 2255 [1] and also denies his motion for appointment of counsel [6]. The Clerk is also directed to terminate docket number 9, Mr. Longstreet's reply brief, which was incorrectly docketed as a motion. The Clerk is directed to enter judgment stating: The motion under 28 USC 2255 is denied. The Court also declines to issue a certificate of appealability, because it can find nothing to suggest that the merits of the claims that it has rejected are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. §2253(c)(2); *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley,* 121 F.3d 1308, 1312 (7th Cir. 1997).

Date: December 30, 2024

_____
MATTHEW F. KENNELLY
United States District Judge

4